**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Jane Doe,<br>Plaintiff,<br>v.<br>JD Palatine LLC, et al.,<br>Defendants. | No. CV-26-10113-PHX-DJH<br>**ORDER** |

On October 30, 2026, alongside her Complaint, Plaintiff Jane Doe ("Plaintiff") filed a Complaint (Doc. 1) and a Motion to Proceed under Pseudonym (Doc. 2). No defendant in this matter has yet been served.

Federal Rule of Civil Procedure 10(a) requires that "the title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). Given the "paramount importance of open courts," "the default presumption is that the plaintiffs will use their true names." *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1046 (9th Cir. 2010). Notwithstanding this presumption, the Ninth Circuit has acknowledged that special circumstances may arise where "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Adv. Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). To determine whether anonymity is needed, district courts evaluate the following factors: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, and (3) the anonymous party's vulnerability to such retaliation. *See id.* The precise prejudice to the

opposing party is an ongoing inquiry at each stage of proceedings, which requires the court to determine "whether proceedings may be structured so as to mitigate that prejudice." *Id.* And "[f]inally, the court must decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." *Id.*

While the Court understands the reasons Plaintiff seeks to use a pseudonym, the Court nonetheless finds that Plaintiff has not demonstrated the special circumstances warranting a pseudonym. Here, Plaintiff's Complaint alleges one claim under the Fair Credit Reporting Act ("FCRA") due to a background check that inaccurately displayed "a vacated and sealed criminal record as a felony conviction that impacted Plaintiff's nursing license." (Doc. 2 at 6). And Plaintiff seeks to proceed under a pseudonym to "protect herself from further economic and reputational harm." (*Id.* at 7). However, as other Court's have found, such possible economic and employment harms are insufficient to merit anonymity. *Doe v. U.S. Healthworks Inc.*, 2016 WL 11745513, at *4 (C.D. Cal. Feb. 4, 2016) ("The severity of economic injury in this case relates to Plaintiff's potential future difficulties finding employment if his adverse background information is made more publically [sic] available. However, courts have typically not found this type of injury to be particularly severe."); *Doe v. Rentgrow, Inc.*, 2023 WL 6541998, at *2 (D. Nev. Aug. 3, 2023) (denying a motion to proceed under a pseudonym in an FCRA case because "[t]he possible ramifications of revealing Plaintiff's prior expungement of his conviction do not serve as sufficient bases to support allowing Plaintiff to proceed under a pseudonym."). The Court has not been presented with anything concrete as to the reasonableness of Plaintiff's concerns or vulnerability to retaliation, and therefore the Court is not satisfied that this is an "exceptional case met the high bar for proceeding under a pseudonym." *Doe v. Ayers*, 789 F.3d 944, 945 (9th Cir. 2015). Plaintiff will be required to include her name in the caption of future filings in this case.

However, again, the Court is sympathetic to Plaintiff's privacy interests and "sees value in imposing a protective order to shield Plaintiff from publicly linking h[er] name to the credit report that is the subject of this lawsuit." *Rentgrow, Inc.*, 2023 WL 6541998, at

*2. Following service of the Complaint and Summons on Defendants, the parties may meet and confer regarding the terms of a proposed protective order and submit for the Court's approval.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Proceed under Pseudonym (Doc. 2) is **DENIED**. Future filings shall reflect Plaintiff's true name in the caption.

Dated this 5th day of November, 2026.

Honorable Diane J. Humetewa
United States District Judge